IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ZAMFIRA DOMINIQUE MARSHALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 116-088 |
| ) | |
| COFFEE CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Zamfira Dominique Marshall, currently incarcerated at the Coffee Correctional Facility in Nicholls, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and is seeking to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) This case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his § 2254 petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.    BACKGROUND**

On May 1, 2012, a Richmond County jury convicted Petitioner of theft by receiving stolen property, fleeing and attempting to elude a law enforcement officer, reckless driving, failure to stop at and return to the scene of an accident, and driving without a license.[1] (Doc.

---

[1]Richmond County Superior Court Docket at http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for "Marshall, Zamfira"; click on 2011

no. 1, p. 2.) Petitioner did not appeal his conviction. (Id. at 2.) Petitioner filed a motion for a new trial on May 14, 2012, a pro se motion for an out-of-time appeal on March 25, 2013, and a pro se motion to set aside his judgment for lack of subject matter jurisdiction on February 8, 2016. See http://coc.augustaga.gov (select "Criminal Search" and search case number "2011 RCCR00400") (last visited Aug. 9, 2016). The state court has not ruled on these motions, and Petitioner has not attempted to expedite the process through filing a state mandamus petition. (See generally doc. no. 1.)

In his federal habeas petition, Petitioner argues: (1) his First, Fifth, and Fourteenth Amendment rights were violated; (2) he was racially profiled; (3) evidence was improperly admitted at trial; and (4) his judgment is invalid because of procedural deficiencies at trial. (Id. at 5-10.)

## II.   DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must dismiss a petition after initial review if it plainly appears from the petition and any attached exhibits that Petitioner is not entitled to relief. Here, Petitioner is not entitled to relief because he has failed to exhaust his state remedies.

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless the petitioner has exhausted the remedies

---

RCCR00400, last visited July 21, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (ruling that petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies").

This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this

3

requirement.[2]  Id.  "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

### B. The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

Here, Petitioner has not exhausted his state court remedies because he did not file a direct appeal of his conviction or any other petition, application, or motion collaterally attacking his conviction in state court, including a petition for state habeas corpus relief. (See generally doc. no. 1.)  Accordingly, the instant federal habeas corpus petition should be dismissed without prejudice.

To the extent Petitioner may contend the Court should disregard the exhaustion requirement because of purported excessive delay in the state judicial process, the Court disagrees.  The critical issue in determining whether to excuse the exhaustion requirement where there have been delays in the state judicial process is whether "the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).  If it is clear the state court is making progress toward

---

[2]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ."  Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40).

4

disposition of the case, a federal court should be hesitant to interfere. See, e.g., Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (holding fourteen month delay did not amount to absence of available state-court remedies). Here, it is unclear whether the Richmond County Superior Court is making progress towards disposition of the case.

Regardless, Petitioner has not exhausted state remedies because he has not prompted the trial court for a ruling or petitioned for a writ of mandamus from the Georgia Supreme Court compelling the trial court to rule on his motions. O.C.G.A. § 9-6-20 ("the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights."); Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006); See Powell v. Williams, No. CV212-194, 2013 WL 1890594, at *2 (S.D. Ga. Mar. 27, 2013), report and recommendation adopted, No. CV212-194, 2013 WL 1890619 (S.D. Ga. May 6, 2013) (finding petitioner did not exhaust state remedies when ability to seek writ of mandamus from Georgia Supreme Court remained and motion for new trial was pending for four years).

As a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). "[S]tate courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id. As the United States Supreme Court admonished, "[T]he state prisoner must give the state

disposition of the case, a federal court should be hesitant to interfere. See, e.g., Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (holding fourteen month delay did not amount to absence of available state-court remedies). Here, it is unclear whether the Richmond County Superior Court is making progress towards disposition of the case.

Regardless, Petitioner has not exhausted state remedies because he has not prompted the trial court for a ruling or petitioned for a writ of mandamus from the Georgia Supreme Court compelling the trial court to rule on his motions. O.C.G.A. § 9-6-20 ("the writ of mandamus may issue to compel a due performance, if there is no other specific legal remedy for the legal rights."); Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006); See Powell v. Williams, No. CV212-194, 2013 WL 1890594, at *2 (S.D. Ga. Mar. 27, 2013), report and recommendation adopted, No. CV212-194, 2013 WL 1890619 (S.D. Ga. May 6, 2013) (finding petitioner did not exhaust state remedies when ability to seek writ of mandamus from Georgia Supreme Court remained and motion for new trial was pending for four years).

As a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). "[S]tate courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id. As the United States Supreme Court admonished, "[T]he state prisoner must give the state

courts an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

Because Petitioner does not present any exhausted claims in the present petition, the stay and abeyance procedure is inapplicable. Rhines, 544 U.S. at 275-77. Accordingly, because Petitioner has not given the state courts an opportunity to act on his claims before he filed his federal habeas petition, the petition is subject to dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his § 2254 petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA